UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IAN SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:23-cv-01027-MHW-CMV |
| | ) |
| VEEVA SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |

## ANSWER TO COMPLAINT

Defendant Veeva Systems, Inc. ("Veeva"), by counsel, for its Answer to the Complaint filed by Plaintiff Ian Scott, hereby states as follows:

## THE PARTIES

1. Plaintiff is a natural person residing in Franklin County, Ohio.

**ANSWER:** Veeva is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore denies them.

2. Defendant Veeva Systems is a foreign corporation registered to do business in Ohio and conducting significant business in the Southern District of Ohio.

**ANSWER:** Veeva admits the allegations in Paragraph 2 of the Complaint.

3. At all relevant times, Plaintiff was an employee as that term is defined by the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), by O.R.C. Chapter 4112, and by the Family Medical Leave Act, 29 U.S.C. § 2611(2).

**ANSWER:** The allegations in Paragraph 3 of the Complaint contain legal conclusions or opinions to which no response is required. To the extent Paragraph 3 contains factual allegations

that must be admitted or denied, Veeva admits that Plaintiff was employed by Veeva from June 14, 2021 until February 7, 2023.

      4.      Defendant is an "employer" as defined by the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), by O.R.C. Chapter 4112, and by 29 U.S.C. § 2611(4)(A).

**ANSWER:** The allegations in Paragraph 4 of the Complaint contain legal conclusions or opinions to which no response is required. To the extent Paragraph 4 contains factual allegations that must be admitted or denied, Veeva admits that it is an employer subject to the FMLA, ADA and OCRA.

## JURISDICTION AND VENUE

      5.      All counts contained herein are brought pursuant to the laws of the United States, therefore this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

**ANSWER:** The allegations in Paragraph 5 of the Complaint contain jurisdictional statements and/or legal conclusions or opinions to which no response to required. To the extent Paragraph 5 contains factual allegations, Veeva denies those allegations.

      6.      This action is brought pursuant to the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), the Ohio Laws of Discrimination, R.C. Chapter 4112 ("Chapter 4112"), the Family Medical Leave Act, 29 U.S.C. § 2611(2) and 28 U.S.C. § 1331. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

**ANSWER:** The allegations in Paragraph 6 of the Complaint contain jurisdictional statements and/or legal conclusions or opinions to which no response to required. To the extent Paragraph 6 contains factual allegations, Veeva denies those allegations.

7. Venue is proper pursuant to 28 U.S.C. § 1391 because events giving rise to the claims occurred in the Southern District of Ohio.

**ANSWER:** The allegations in Paragraph 7 of the Complaint contain jurisdictional statements and/or legal conclusions or opinions to which no response to required. To the extent Paragraph 7 contains factual allegations, Veeva denies those allegations.

8. Plaintiff has complied with all jurisdictional prerequisites to the filing of this lawsuit and this Complaint is filed within ninety (90) days of Plaintiff's receipt of his Right to Sue letter from the Equal Employment Opportunity Commission, a copy of which is attached hereto as "Exhibit A".

**ANSWER:** The allegations in Paragraph 8 of the Complaint contain jurisdictional statements and/or legal conclusions or opinions to which no response is required. To the extent Paragraph 8 contains factual allegations that must be admitted or denied, Veeva admits that Plaintiff filed a charge of discrimination with the EEOC and states that Exhibit A to the Complaint speaks for itself. Veeva denies any characterization of Exhibit A inconsistent with its express terms and denies any remaining factual allegations in Paragraph 8.

## FACTUAL BACKGROUND

9. Plaintiff was hired by Defendant in or around June 2021.

**ANSWER:** Veeva admits the allegations in Paragraph 9 of the Complaint.

10. Plaintiff was employed by Defendant as an IT Application Architect.

**ANSWER:** Veeva admits the allegations in Paragraph 10 of the Complaint.

11. Plaintiff has two diagnosed disabilities, depression and anxiety.

**ANSWER:** Veeva is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies them.

12. In or around August 2022, Plaintiff requested medical leave from Defendant to treat symptoms of his disabilities.

**ANSWER:** Plaintiff denies the allegations in Paragraph 12 of the Complaint.

13. Specifically, Plaintiff requested and was approved to take short term disability leave ("STD") and leave under the Family and Medical Leave Act ("FMLA") to treat his disabilities.

**ANSWER:** In response to the allegations in Paragraph 13 of the Complaint, Veeva admits that Plaintiff requested and was approved for 14 weeks of FMLA leave beginning on August 8, 2023 and remained on medical leave until January 30, 2023. Veeva denies the remaining allegations in Paragraph 13.

14. Plaintiff requested and was approved to take long term disability leave ("LTD") in November 2022.

**ANSWER:** In response to the allegations in Paragraph 14 of the Complaint, Veeva admits that Plaintiff requested and was approved for 14 weeks of FMLA leave beginning on August 8, 2023 and remained on medical leave until January 30, 2023. Veeva denies the remaining allegations in Paragraph 14.

15. Plaintiff took STD and/or LTD and FMLA concurrently from August 2022 to January 2023, thereby engaging in protected activity under the Americans with Disabilities Act ("ADA") and the FMLA by requesting accommodations for his disabilities/serious medical conditions.

**ANSWER:** In response to the allegations in Paragraph 15 of the Complaint, Veeva admits only that Plaintiff took medical leave from August 8, 2022 until January 30, 2023. The remaining allegations in Paragraph 15 constitute legal conclusions or opinions to which no response is required. To the extent Paragraph 15 contains additional factual allegations that must be admitted or denied, they are denied.

16. Plaintiff received a positive performance review prior to taking medical leave.

**ANSWER:** In response to the allegations in Paragraph 16 of the Complaint, Veeva states that Plaintiff's performance evaluations speak for themselves and denies any characterization of those evaluations inconsistent with their express language. Veeva denies any remaining allegations in Paragraph 16.

17. Plaintiff returned to work in early January 2023.

**ANSWER:** Veeva denies the allegations in Paragraph 17 of the Complaint.

18. Upon his return to work, Plaintiff's supervisor informed him he was still on the payroll and that Defendant was "working things out" regarding his return.

**ANSWER:** Veeva is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies them.

19. Six days after Plaintiff returned to work from disability leave and FMLA, Defendant abruptly terminated him for "lack of work."

**ANSWER:** In response to Paragraph 19 of the Complaint, Veeva admits that Plaintiff's employment was terminated on or about February 7, 2023 because his position was eliminated. Veeva denies the remaining allegations in Paragraph 19.

20. Around the same time, Defendant posted job openings on LinkedIn, stating that Defendant was hiring because it was growing "in every direction."

**ANSWER:** In response to the allegations in Paragraph 20 of the Complaint, Veeva admits that it posts job openings on LinkedIn and states that those job postings speak for themselves. Veeva denies any characterization of its job postings inconsistent with their express language. Veeva denies any allegation that it posted a job opening for the position that Plaintiff held. Veeva denies the remaining allegations of Paragraph 20.

21. This conduct directly contradicts Defendant's reason for terminating Plaintiff for "lack of work."

**ANSWER:** Veeva denies the allegations in Paragraph 21 of the Complaint.

22. Defendant terminated Plaintiff because of his disability, and in retaliation for requesting a reasonable accommodation.

**ANSWER:** Veeva denies the allegations in Paragraph 22 of the Complaint.

23. Defendant also terminated Plaintiff because of his use of FMLA leave.

**ANSWER:** Veeva denies the allegations in Paragraph 23 of the Complaint.

24. The proffered reasons for Plaintiff's termination are untrue and pretextual.

**ANSWER:** Veeva denies the allegations in Paragraph 24 of the Complaint.

**COUNT I**
**Disability Discrimination – R.C. §4112.02**

25. At all times material herein, Plaintiff suffered form an impairment within the meaning of Section 4112.01(A)(16) of the Ohio Revised Code.

**ANSWER:** The allegations in Paragraph 25 of the Complaint contain legal conclusions or opinions to which no response is required. To the extent Paragraph 25 contains factual allegations that must be admitted or denied, Veeva is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

26. At all times material herein, Plaintiff was a qualified individual with a disability within the meaning of R.C. § 4112.01(A)(13) of the Ohio Revised Code.

**ANSWER:** The allegations in Paragraph 26 of the Complaint contain legal conclusions or opinions to which no response is required. To the extent Paragraph 26 contains factual allegations that must be admitted or denied, Veeva is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

27. Defendant knew Plaintiff was disabled and/or regarded him as disabled.

**ANSWER:** Veeva denies the allegations in Paragraph 27 of the Complaint.

28. Defendant was aware of the difficulties suffered by Plaintiff as a result of his disability because he discussed his disability with Defendant and requested accommodations for his disabilities in the form of short term disability leave, long term disability leave, and FMLA leave.

**ANSWER:** In response to Paragraph 28 of the Complaint, Veeva admits only that Plaintiff requested and received medical leave during his employment with Veeva. The remaining allegations in Paragraph 28 are denied.

29. Defendant discriminated against Plaintiff because of his disability by taking the following non-exhaustive list of actions: terminating his employment, retaliating against him for taking medical leave, and/or by otherwise discriminating against him in the terms, privileges, and conditions of employment.

**ANSWER:** Veeva denies the allegations in Paragraph 29 of the Complaint.

30. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious

emotional distress and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

**ANSWER:** Veeva denies the allegations in Paragraph 30 of the Complaint.

31. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

**ANSWER:** Veeva denies the allegations in Paragraph 31 of the Complaint.

**COUNT II**
**Disability Discrimination – Americans with Disabilities Act**

32. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

**ANSWER:** In response to the allegations in Paragraph 32, Veeva reiterates, adopts and incorporates by reference its responses to Paragraphs 1 through 31 of the Complaint.

33. This claim is brought under federal law, pursuant to

**ANSWER:** The allegations in Paragraph 33 of the Complaint contain legal conclusions or opinions to which no response is required. To the extent Paragraph 33 contain factual allegations that must be admitted or denied, they are denied.

34. Plaintiff is an otherwise qualified individual with a disability.

**ANSWER:** The allegations in Paragraph 34 of the Complaint contain legal conclusions or opinions to which no response is required. To the extent Paragraph 34 contain factual allegations that must be admitted or denied, they are denied.

35. Defendant knew or had reason to know Plaintiff suffered from a disability, and/or regarded him as disabled.

**ANSWER:** Veeva denies the allegations in Paragraph 35 of the Complaint.

36. Defendant was aware of the difficulties suffered by Plaintiff as a result of his disability.

**ANSWER:** Veeva denies the allegations in Paragraph 36 of the Complaint.

37. Defendant discriminated against Plaintiff because of his disability by taking the following non-exhaustive list of actions: terminating his employment, retaliating against him for taking medical leave, and/or by otherwise discriminating against him in the terms, privileges and conditions of employment.

**ANSWER:** Veeva denies the allegations in Paragraph 37 of the Complaint.

38. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

**ANSWER:** Veeva denies the allegations in Paragraph 38 of the Complaint.

39. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

**ANSWER:** Veeva denies the allegations in Paragraph 39 of the Complaint.

**COUNT III**
**Retaliation – R.C. §4112.02**

40. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

**ANSWER:** In response to the allegations in Paragraph 40, Veeva reiterates, adopts and incorporates by reference its responses to Paragraphs 1 through 39 of the Complaint.

41. Plaintiff engaged in a protected activity by requesting medical leave as a reasonable accommodation for his disabilities.

**ANSWER:** The allegations in Paragraph 41 of the Complaint contains legal conclusions or opinions to which no response is required. To the extent Paragraph 41 contains factual allegations that must be admitted or denied, Veeva admits only that Plaintiff requested and was approved for FMLA leave in August 2022 and remained on medical leave until January 30, 2023. Veeva denies the remaining allegations in Paragraph 41.

42. Defendant knew Plaintiff engaged in a protected activity because Plaintiff applied and was approved for short term disability and FMLA leave to accommodate his disabilities in August 2022 and long term disability in November 2022.

**ANSWER:** The allegations in Paragraph 42 of the Complaint contains legal conclusions or opinions to which no response is required. To the extent Paragraph 42 contains factual allegations that must be admitted or denied, Veeva admits only that Plaintiff requested and was approved for FMLA leave in August 2022 and remained on medical leave until January 30, 2023. Veeva denies the remaining allegations in Paragraph 42.

43. Once Plaintiff engaged in the aforementioned protected activity, Defendant purposefully retaliated against Plaintiff by taking the following non-exhaustive list of actions: terminating his employment, retaliating against him, refusing him reasonable accommodations, and/or by otherwise discriminating against him in the terms, privileges and conditions of employment.

**ANSWER:** Veeva denies the allegations in Paragraph 43 of the Complaint.

44. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and

suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

**ANSWER:** Veeva denies the allegations in Paragraph 44 of the Complaint.

45. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

**ANSWER:** Veeva denies the allegations in Paragraph 45 of the Complaint.

## COUNT IV
### Retaliation – Americans with Disabilities Act

46. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

**ANSWER:** In response to the allegations in Paragraph 46, Veeva reiterates, adopts and incorporates by reference its responses to Paragraphs 1 through 45 of the Complaint.

47. Plaintiff engaged in a protected activity by requesting medical leave as a reasonable accommodation for his disabilities.

**ANSWER:** The allegations in Paragraph 47 of the Complaint contains legal conclusions or opinions to which no response is required. To the extent Paragraph 47 contains factual allegations that must be admitted or denied, Veeva admits only that Plaintiff requested and was approved for medical leave in August 2022 and remained on medical leave until January 30, 2023. Veeva denies the remaining allegations in Paragraph 47.

48. Defendant knew Plaintiff engaged in a protected activity.

**ANSWER:** The allegations in Paragraph 48 of the Complaint contains legal conclusions or opinions to which no response is required. To the extent Paragraph 48 contains factual allegations that must be admitted or denied, Veeva admits only that Plaintiff requested and was approved for

11

medical leave in August 2022 and remained on medical leave until January 30, 2023. Veeva denies the remaining allegations in Paragraph 48.

49. Once Plaintiff engaged in the aforementioned protected activity, Defendant purposefully retaliated against Plaintiff by taking the following non-exhaustive list of actions: terminating his employment, retaliating against him, refusing him reasonable accommodations, and/or by otherwise discriminating against him in the terms, privileges and conditions of employment.

**ANSWER:** Veeva denies the allegations in Paragraph 49 of the Complaint.

50. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

**ANSWER:** Veeva denies the allegations in Paragraph 50 of the Complaint.

51. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

**ANSWER:** Veeva denies the allegations in Paragraph 51 of the Complaint.

## COUNT V

**Retaliation/Discrimination – Violation of the Family Medical [sic] Leave Act**

52. Plaintiff reasserts and reincorporates each and every allegation contained in the paragraphs above as if fully rewritten here.

**ANSWER:** In response to the allegations in Paragraph 52, Veeva reiterates, adopts and incorporates by reference its responses to Paragraphs 1 through 51 of the Complaint.

53. Plaintiff engaged in protected activity, as he applied for and was approved for FMLA leave in 2022. Plaintiff applied for FMLA leave in August 2022, so Defendant was clearly aware that Plaintiff engaged in protected activity.

**ANSWER:** The allegations in Paragraphs 53 of the Complaint contain legal conclusions or opinions to which no response is required. To the extent Paragraphs 53 contains factual allegations that must be admitted or denied, Veeva admits only that Plaintiff requested and was approved for FMLA leave in August 2022. Veeva denies the remaining allegations in Paragraph 53.

54. Plaintiff suffered an adverse employment action when Defendant terminated him one week after he returned to work from taking FMLA leave.

**ANSWER:** Veeva denies the allegations in Paragraph 54 of the Complaint.

55. Defendant terminated Plaintiff because he utilized FMLA leave.

**ANSWER:** Veeva denies the allegations in Paragraph 55 of the Complaint.

56. Defendant lacked good faith and/or reasonable grounds to believe it had not violated the FMLA in its discharge of Plaintiff.

**ANSWER:** Veeva denies the allegations in Paragraph 56 of the Complaint.

57. Defendant's violations of the Family and Medical Leave Act entitles Plaintiff, pursuant to 29 U.S.C. § 2617(a), to monetary damages which include back pay and benefits, statutory liquidated damages, and attorneys' fees and costs of bringing this litigation, in an amount to be determined at trial.

**ANSWER:** Veeva denies the allegations in Paragraph 57 of the Complaint. Defendant Veeva Systems, Inc. denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

2. All actions of Veeva were taken, made, or done in good faith for legitimate, nondiscriminatory, non-retaliatory, job-related business reasons.

3. Some or all of Plaintiff's claims may be barred by the doctrines of waiver, laches, estoppel and/or unclean hands.

4. If determined applicable, Veeva may rely on the after-acquired evidence doctrine as a bar to Plaintiff's claims or to reduce damages relating to the claims.

5. Plaintiff may have failed to mitigate his damages, if any, and Veeva relies on the same as a complete or partial bar to the Plaintiff's action.

6. Some or all of Plaintiff's claims may be barred by Plaintiff's improper conduct.

7. All or some of the Plaintiff's claims may be barred by the doctrines of res judicata, collateral estoppel, claim preclusion, issue preclusion, and/or the election of remedies doctrine.

8. Plaintiff may have failed to exhaust his administrative, contractual, and/or other regulatory/statutory remedies, and Veeva relies on the same as a complete or partial bar to the Plaintiff's action.

9. To the extent Plaintiff made any request for an accommodation, Veeva could not reasonably accommodate Plaintiff's alleged disability and/or accommodation would pose an undue burden.

10. Without waiving any denial of liability to Plaintiff, Veeva states that it would have made the same decision to terminate Plaintiff's employment regardless of Plaintiff's attempt to

exercise any rights under the Family and Medical Leave Act, the ADA and/or the Ohio Civil Rights Act, O.R.C. Chapter 4112 ("OCRA").

11. Some or all of the claims in the Complaint may barred by the applicable statute(s) of limitations.

12. At all times Veeva acted in good faith and had objectively reasonable grounds to believe that any acts or omissions by Veeva did not violate the FMLA, the ADA, or the OCRA.

13. Veeva maintained a policy prohibiting discrimination, harassment, and retaliation in the workplace and a procedure for the resolution of complaints alleging discrimination, harassment and/or retaliation.

14. Plaintiff's claims are barred to the extent Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunity provided by Veeva or to otherwise avoid harm.

15. Plaintiff's claim for punitive damages is not allowed under applicable law and/or is otherwise barred by provisions of the United States Constitution, the Ohio Constitution, and other applicable statutes and decisional law.

16. Veeva did not act intentionally, recklessly, or maliciously toward Plaintiff. Veeva further states that it did not violate the Ohio Civil Rights Act, the Americans With Disabilities Act, or the Family and Medical Leave Act, willfully or otherwise.

Dated: May 22, 2023

Respectfully submitted,

*/s/ Douglas M. Oldham*
Douglas M. Oldham (#0088927)
Barnes & Thornburg LLP
41 S. High Street, Suite 3300
Columbus, OH 43215
PH: 614.628.1422
Douglas.Oldham@btlaw.com
*Counsel for Defendant*

CERTIFICATE OF SERVICE

      I hereby certify that on May 22, 2023, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to the following:

Jamie R. Bailey
Rachel Sabo Friedmann
The Friedmann Firm LLC
3740 Ridge Mill Dr.
Hilliard, OH 43026
614.639.6477
Jamie@TFFLegal.com
Rachel@TFFLegal.com

*Counsel for Plaintiff*

                                                                        */s/ Douglas M. Oldham*
                                                                        *Counsel for Defendant*